# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. SIMPSON,

    Petitioner,
:

Case No. 3:12-cv-328

  -vs-
:

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
Toledo Correctional Institution,

    Respondent.
:

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought *pro se* by Petitioner James A. Simpson.  Simpson is in the custody of Respondent Ed Sheldon, Warden of the Toledo Correctional Institution upon conviction on his pleas of guilty in the Montgomery County Common Pleas Court to charges of murder, felonious assault, domestic violence, tampering with evidence, and grand theft.

Petitioner pleads four grounds for relief:

> **Ground One:**  On 5-20-2010 I had an acceptance of plea hearing.  At the plea hearing, it came to light that my attorney had a personal relationship with my victim's brother.  Not knowing what conflict meant, plus lead [sic] to believe I had exhausted all my option by Attorney Lieberman, I went ahead with the plea. On 5-21-2010 I wrote the judge asking to withdraw my plea because of the personal conflict of interest, plus that I didn't have a fair evaluation, also I was questioning the cause of death.
>
> **Ground Two:**  Whether or not I received a fair mental evaluation.
>
> **Supporting Facts:**  The first evaluation I had the psychologist didn't have a test available, disregarded another test and only went off a verbal test he gave me. The second psychologist came to see me only once for about 45 minutes, talked to her about my case did

1

>not see her again, was told that she went over the first psychologist test and agreed with it, not doing her own independent evaluation.
>
>**Ground Three:** The cause of death.
>
>**Supporting Facts:** Whether or not the asphyxia was the exact cause of death and not the blunt force trama [sic]. Or could it be both? I asked for an expert. My motions all have been denied, without a hearing.
>
>**Ground Four:** Due Process.
>
>**Supporting Facts:** I was arrested on 7-16-08. I did not sign a time waiver until Feb-09 10 ½ months after my arrest. I was asking my lawyer Michael Pentecost about having a sit down with the prosecution and the victim's family. At this court hearing Mr. Pentecost came to me saying, we haven't signed a time waiver and that the prosecution had 45 days to take me to trial and that we wasn't [sic] ready anyway, cause [sic] we haven't had that sit down I was requesting. So he lead [sic] me to believe if I signed the time waiver I would be able to have the sit down with the prosecution and the family, so I signed the time waiver.

(Petition, Doc. No. 2, PageID 47-52).

## Procedural History

Simpson was indicted by the Montgomery County Grand Jury in May, 2008. After his motion to suppress his post-arrest statements was denied, he pled not guilty by reason of insanity. Psychologist Dr. Thomas Martin found he was both competent to stand trial and not insane at the time of the offense, conclusions the trial judge accepted. In August, 2009, his first attorney, Michael Pentecost, withdrew at his request and Dennis Lieberman was appointed in his stead. At Lieberman's request, Simpson was examined by a second psychologist, Dr. Marciani, who concurred in Dr. Martin's conclusions.

On April 9, 2010, Simpson withdrew his former not guilty and not guilty by reason of

2

insanity pleas and pled guilty to all charges on a commitment from the trial judge, over the State's objection, to impose the minimum aggregate sentence of fifteen years to life.

On May 21, 2010, Simpson wrote a letter to the court amounting to a *pro se* motion to withdraw his plea. The trial court then appointed new counsel, David Stenson, who filed a formal motion to withdraw. The court held a hearing on that motion, overruled it, and then on August 24, 2010, imposed the agreed sentence.

Simpson appealed to the Second District Court of Appeals raising the following assignments of error:

> 1. Appellant should be permitted to withdraw his plea because the trial court abused its discretion by denying appellant's motions to withdraw his plea of guilty when appellant was not provided with adequate representation.
>
> 2. Appellant did not enter his plea knowingly, voluntarily, and intelligently and therefore should be permitted to withdraw his plea.

(Appellant's Brief, State Record Doc. No. 6, Exhibit 28, R. 6-1, PageID # 150). The Court of Appeals affirmed. *State v. Simpson*, No. 24266, 2011 Ohio 6181, 2011 Ohio App. LEXIS 5064 (Ohio App. 2nd Dist. Dec. 2, 2011). Simpson's motion for reconsideration under Ohio R. App. P. 26(A) was denied because it attempted to raise new assignments of error (Entry, State Record Doc. No. 6, PageID 381). Simpson's motion for leave to file a delayed appeal in the Ohio Supreme Court was denied. *State v. Simpson*, 2012 Ohio 3334, 2012 Ohio LEXIS 1845 (2012). In addition, Simpson filed a petition for post-conviction relief and a second motion to withdraw the guilty plea, but did not appeal their denial. He also has a pending motion in the Common Pleas Court to vacate void judgment on grounds of ineffective assistance of counsel.

## Analysis

### Ground One

In his First Ground for Relief, Simpson essentially argues he received ineffective assistance of trial counsel because his second attorney, Dennis Lieberman, who represented him at the time he entered his guilty plea had a conflict of interest in that he knew the victim's brother. He also claims his motion to withdraw his guilty pleas should have been granted because he did not have a fair mental evaluation and he was "questioning the cause of death."

**Affirmative Defense of Procedural Default**

The Warden asserts this Ground for Relief is procedurally defaulted by Simpson's failure to timely appeal to the Ohio Supreme Court.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72

(1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright,* 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).  *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), quoting *O'Sullivan v. Boerchel,* 526 U.S. 838, 846-47 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner

5

> failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

There is no question that Ohio has a rule requiring that an appeal from an intermediate court of appeals to the Ohio Supreme Court must be taken within forty-five days of the final judgment in the court of appeals and that Simpson failed to meet that deadline. The 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Id.*, *citing Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Simpson offers no excusing cause and prejudice in his Reply to the Return of Writ (Doc. No. 9). Thus he has procedurally defaulted on this claim and it should be dismissed with prejudice.

**Ground Two**

In his second Ground for Relief, Simpson argues that his psychological evaluations were flawed. As with the First Ground for Relief, the Warden asserts this claim is procedurally defaulted because it was not raised at all on direct appeal. Simpson again makes no response to this procedural argument in his Reply.

For the same reasons given with respect to the First Ground for Relief, this claim is procedurally defaulted and should be dismissed with prejudice. Moreover, there is serious question whether this Ground for Relief raises a constitutional claim at all. While a person has a right not to stand trial if incompetent to do so, he does not have a right to a "perfect" or "unflawed" evaluation of his competence. Here the Petitioner was examined on two separate occasions by persons qualified by training and experience to evaluate his mental condition. Thereafter the trial court held hearings at which these mental health professionals could be cross-examined under oath. Based on their evaluations, Petitioner was found competent to stand trial. That is as much as the Constitution commands.

**Ground Three**

In his Third Ground for Relief, Simpson asserts there is uncertainty whether the victim was killed by blunt force trauma, by asphyxiation, or by the combined effects of both. This claim for relief is barred by procedural default for the same reasons as Grounds One and Two.

Moreover, this Ground for Relief does not state a claim under the Constitution. It is absolutely clear from the state record that Simpson is the only person who beat the victim and

7

the only person who later shoved a sheet in her mouth, causing her to vomit and then choke to death on her own vomit. Where one person inflicts injuries on another, any one of which would be sufficient to cause death, uncertainty about which of the injuries did so is immaterial. The Third Ground for Relief should be dismissed with prejudice.

## Ground Four

In his Fourth Ground for Relief, Simpson seems to be complaining that he was misled into signing a time waiver by his attorney's misrepresentation that the defense was not yet ready for trial, including having a sit down meeting with the prosecutor and the victim's family. Whether this is regarded as a speedy trial claim (which is how the Warden reads it) or as an ineffective assistance of trial counsel claim, it is procedurally defaulted on the same basis as the First Ground for Relief, it is procedurally defaulted on the same basis as the First Ground for Relief and should be dismissed with prejudice on that basis.

## Conclusion

All of the claims made in the Petition are procedurally defaulted. The Petition should therefore be dismissed with prejudice on that basis. Because reasonable jurists would not disagree with this conclusion, Simpson should be denied a certificate of appealability and the

Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith and should not be permitted to proceed *in forma pauperis*.

January 18, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).