# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. SIMPSON,

      Petitioner,                      Case No. 3:12-cv-328

                                       District Judge Walter Herbert Rice
    -vs-                                    Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
 Toledo Correctional Institution,

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This is habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 11) to the Magistrate Judge's Report and Recommendations (Doc. No. 10). District Judge Rice has recommitted the case for further consideration based on the Objections (Doc. No. 12).

       Petitioner pleads four grounds for relief:

> **Ground One:** On 5-20-2010 I had an acceptance of plea hearing. At the plea hearing, it came to light that my attorney had a personal relationship with my victim's brother. Not knowing what conflict meant, plus lead [sic] to believe I had exhausted all my option by Attorney Lieberman, I went ahead with the plea. On 5-21-2010 I wrote the judge asking to withdraw my plea because of the personal conflict of interest, plus that I didn't have a fair evaluation, also I was questioning the cause of death.
>
> **Ground Two:** Whether or not I received a fair mental evaluation.
>
> **Supporting Facts:** The first evaluation I had the psychologist didn't have a test available, disregarded another test and only went off a verbal test he gave me. The second psychologist came to see me only once for about 45 minutes, talked to her about my case did not see her again, was told that she went over the first psychologist test and agreed with it, not doing her own independent evaluation.

1

> **Ground Three:**  The cause of death.
>
> **Supporting Facts:**  Whether or not the asphyxia was the exact cause of death and not the blunt force trama [sic]. Or could it be both? I asked for an expert. My motions all have been denied, without a hearing.
>
> **Ground Four:**  Due Process.
>
> **Supporting Facts:**  I was arrested on 7-16-08. I did not sign a time waiver until Feb-09 10 ½ months after my arrest. I was asking my lawyer Michael Pentecost about having a sit down with the prosecution and the victim's family. At this court hearing Mr. Pentecost came to me saying, we haven't signed a time waiver and that the prosecution had 45 days to take me to trial and that we wasn't [sic] ready anyway, cause [sic] we haven't had that sit down I was requesting. So he lead [sic] me to believe if I signed the time waiver I would be able to have the sit down with the prosecution and the family, so I signed the time waiver.

(Petition, Doc. No. 2, PageID 47-52).

The Report recommended that all four Grounds for Relief be dismissed with prejudice because Petitioner had procedurally defaulted in presenting them to the Ohio courts by failing to timely appeal to the Ohio Supreme Court; in addition, the Third Ground for Relief does not state a claim upon which relief can be granted in habeas corpus.

In his Objections, Petitioner attempts to excuse his procedural default by claiming he tried to file an appeal to the Ohio Supreme Court, but sent the Notice of Appeal to the wrong court (Objections, Doc. No. 11, PageID 662).  He then requests this Court review the attachments to his Objections.  The first (PageID 669) is a letter from the Ohio Public Defender dated February 3, 2012, telling him the notice of appeal had to be filed by January 16, 2012 (forty-five days after judgment was final in the court of appeals).  Next (PageID 670) is a March 13, 2012, letter from the Clerk of the Ohio Supreme Court reminding him that January 17, 2012, was his deadline, but telling him he could seek a delayed appeal.  On April 18, 2012 (PageID

2

671), the Ohio Supreme Court Clerk wrote to him again to say he had not successfully filed the motion for delayed appeal.  Also among the papers is a Notice of Appeal filed in the Ohio Supreme Court on January 19, 2012 (PageID 674), two days past the deadline.  Finally there is a Notice of Appeal file-stamped both March 12, 2012, and June 5, 2012, in the Ohio Supreme Court (PageID 676).  None of these documents proves timely filing of a direct appeal on the merits to the Ohio Supreme Court.  The Magistrate Judge accordingly again concludes that Petitioner has procedurally defaulted on all of his Grounds for Relief and they should be dismissed with prejudice on that basis.

If the Court were to find the procedural default excused, it still should not grant relief on the merits.

The First Ground for Relief argues Dennis Lieberman provided ineffective assistance of trial counsel because he knew the victim's brother, but standing alone that is not a basis for a conflict of interest.  Lieberman obtained a judge-guaranteed fifteen year sentence.  Simpson claims Lieberman coerced him into pleading guilty by leading him to believe he could face 29.5 years if convicted, but Simpson never explains why that was bad advice.  He was charged with murder, felonious assault, domestic violence, tampering with evidence, and grand theft.  Murder alone carries a sentence of fifteen years to life.  Ohio Revised Code § 2929.02(B)(1).  He therefore received the absolute minimum sentence which could have been imposed for that crime.

The Second Ground for Relief asserts "flaws" in the mental health evaluations Simpson received, but he cites to no clearly established Supreme Court precedent which mandates a mental health evaluation for a criminal defendant which eliminates any of the asserted flaws. Moreover, by pleading guilty, he waived any constitutional violation in the pretrial process.  A

guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012). After entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent nature of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466.

In his Third Ground for Relief, Simpson claims the State did not prove beyond a reasonable doubt the cause of death: whether it was his beating of the victim or stuffing a sheet in her mouth, causing her to choke to death on her own vomit. As pointed out in the original Report, there is no doubt that Simpson is the actor who committed both deeds. More importantly, by pleading guilty, he gave up the right to contest the State's proof. *McMann, supra.* The same constitutional principles apply to the Fourth Ground for Relief on the asserted speedy trial violation.

## Conclusion

Having reconsidered the case in light of the Objections, the Magistrate Judge again concludes the Petition should be dismissed with prejudice and Petitioner should be denied a certificate of appealability and any request to appeal *in forma pauperis*.

February 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).