# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. SIMPSON,

    Petitioner,

    -vs-

ED SHELDON, Warden,
 Toledo Correctional Institution,

    Respondent.

:

:

:

Case No. 3:12-cv-328

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (Doc. No. 18).

Petitioner brings the Motion under Fed. R. Civ. P. 60(b) which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

1

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Simpson was convicted on his counseled guilty plea of murder, felonious assault, domestic violence, tampering with evidence, and grand theft. This Court found, over Simpson's Objections, that all four of his grounds for relief were procedurally defaulted by his failure to file a timely appeal to the Ohio Supreme Court from the affirmance of his conviction by the Ohio Second District Court of Appeals (Decision and Entry, Doc. No. 16). In the same Decision, District Judge Rice held this conclusion was not debatable among reasonable jurists and denied a certificate of appealability. *Id.* Simpson took no appeal. He now contends this Court erred in finding his grounds for relief were procedurally defaulted.

A Rule 60(b) motion may not be used to bring new claims in a habeas corpus case because that would permit habeas petitioners to evade the prohibition on second or successive petitions without Circuit Court permission enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). However, Simpson's instant Motion does not plead a new claim, but rather that this Court's prior decision is flawed. This is a proper function for a Rule 60(b) motion. *Gonzalez v. Crosby,* 545 U.S. 524 (2005). The instant Motion is therefore not barred by the AEDPA.

The instant Motion is, however, untimely. Federal R. Civ. P. 60(c) provides:

> **(c) Timing and Effect of the Motion.**
>
> (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

> (2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

Final judgment was entered in this case on March 14, 2013 (Doc. No. 17). Petitioner's Motion, however, was not received by the Clerk until May 28, 2014, more than two months too late.

Simpson may be attempting to avoid the time limit by relying on the "mailbox" rule for incarcerated litigants. His supporting affidavit was signed on January 30, 2014 (Motion, Doc. No. 18-1, PageID 715) and his Motion contains a Certificate of Service on Assistant Attorney General Rosenberg on the same date. However, her office has confirmed that the postmark on the envelope in which her copy was delivered is May 27, 2014.[1] The Certificate of Service is simply not credible.

Simpson may also be attempting to avoid the one-year limit by bringing the Motion under Fed. R. Civ. P. 60(b)(4). He asserts "[t]rial court judgment/order dismissing the petition on procedural default ground is void." (Motion, Doc. No. 18, PageID 703). However, the argument he makes comes within Fed. R. Civ. P. 60(b)(1), if it fits under Rule 60(b) at all, because he asserts this Court made a mistake in deciding his grounds for relief were procedurally defaulted. A judgment is not void merely because it is erroneous. *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260 (2010).

> [A judgment] is void only if the court that rendered it lack jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. Of course, although a challenge on one of those three grounds can be made under Rule 60(b)(4), if the court finds that there was subject-matter or personal jurisdiction, or that no due process violation has occurred, the motion will be denied.

Wright, Miller, and Kane, Federal Practice and Procedure: Civil 3rd § 2862 (footnotes omitted).

---

[1] The Clerk has not preserved the envelope in which the original of the Motion was mailed to the Court.

Federal district courts have subject matter jurisdiction in habeas corpus. 28 U.S.C. § 2241. Simpson invoked the personal jurisdiction of this Court by filing here as a prisoner confined in the State of Ohio and this Court has personal jurisdiction of Respondent by virtue of service of the Order to Answer (Doc. No. 3). Simpson has not alleged any due process violations occurred in this Court's reaching final judgment and the docket shows he was notified of the Court's action and given appropriate opportunities to be heard. Therefore this Court's judgment is not void under Fed. R. Civ. P. 60(b)(4).

If the instant Motion had been timely made under Fed. R. Civ. P. 60(b)(1), it would also have been appropriately denied on the merits. In finding procedural default of all grounds for relief, the Court found Simpson had failed to timely appeal to the Ohio Supreme Court from affirmance of his conviction in the Common Pleas Court (Report and Recommendations, Doc. No. 10, PageID 654). Although he sought permission to file a delayed appeal, the Ohio Supreme Court denied that permission. *State v. Simpson*, 132 Ohio St. 3d 1481 (2012).

Simpson now asserts there was no procedural default because "[a]ll [that] is require[d] [is that] the petitioner present his claims to the highest state's [sic] court in order to satisfy the presentation requirement." (Motion, Doc. No. 18, PageID 703, citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir. 1985); and *Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989)).

In *Leroy*, the Sixth Circuit agreed with this Court's analysis that the habeas petitioner had satisfied the exhaustion of state remedies requirement, but still had procedurally defaulted his claims. *Weaver* involved a "mixed" petition with some exhausted and some unexhausted claims; the Sixth Circuit held the district court should consider one of the exhausted claims on the merits. In *O'Sullivan*, the Supreme Court held that failure to present a claim to a state supreme

court, even when that court's review was discretionary, constituted a procedural default barring habeas relief.

None of the cited cases support Simpson's Motion. The exhaustion doctrine requires a habeas petitioner to submit his case through available state remedies, but no longer applies if those remedies are no longer available. The proper remedy when a habeas petitioner has presented an unexhausted claim is to stay the habeas proceeding until exhaustion has occurred. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). A procedural default, on the other hand, is fatal to a habeas claim. Such a default happens when, as here, there was an available state remedy but the petitioner failed to properly invoke that remedy and can no longer do so.

As an alternative approach, Simpson argues the final decision of the state courts does not rest on or invoke a procedural bar. As he notes, Chief Justice O'Connor's Entry in his case before the Ohio Supreme Court reads in its entirety "[u]pon consideration of appellant's motion for a delayed appeal, it is ordered by the court that the motion is denied. Accordingly, this cause is dismissed." (Entry in Ohio Supreme Court Case No. 2012-0962, unpublished, copy at Motion, Doc. No. 18-3, PageID 719.) However, where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), *citing Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). The relevant procedural bar here is the 45-day time limit on appeal to Ohio Supreme Court which the Sixth Circuit has held to be an adequate and independent state ground of decision. *Bonilla,* 370 F. 3d at 497.

**Conclusion**

For all of the foregoing reasons, Simpson's Motion for Relief from Judgment should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

May 30, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).