# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. SIMPSON,
:
    Petitioner,                                     Case No. 3:12-cv-328

:            District Judge Walter Herbert Rice
   -vs-                                    Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
 Toledo Correctional Institution,
:
    Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON
# MOTION FOR RELIEF FROM JUDGMENT

---

      This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 23) to the Magistrate Judge's Report and Recommendation (the "Report," Doc. No. 19), recommending denial of Simpson's Motion for Relief from Judgment (the "Motion," Doc. No. 18). Judge Rice has recommitted the Report for reconsideration in light of the Objections (Recommittal Order, Doc. No. 24).

**Timeliness**

      Final judgment in this case was entered March 14, 2013 (Doc. Nos. 16, 17). Simpson's 60(b) Motion was not received by the Clerk until May 28, 2014 (Doc. No. 18). The Report therefore recommended denying the Motion because it was filed beyond the one-year limit provided in Fed. R. Civ. P. 60(c) for bringing motions under Rule 60(b)(Report, Doc. No. 19,

1

PageID 721-22).

In his Objections, Simpson "asserts that on January 30, 2014, he submitted his complaint [sic] to the prison authorities prior to the expiration of the one-year statute [sic] of limitation." He notes that he is relying on *Houston v. Lack,* 487 U.S. 266 (1988), where the Supreme Court held an incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk.); See also *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations, *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). This Court routinely applies this so-called "mailbox" rule to all prisoner filings.

In the Report, the Magistrate Judge anticipated that Simpson might be relying on the mailbox rule, but found his assertion of when he handed the document to prison authorities to be "simply not credible." (Report, Doc. No. 19, PageID 722). The Report notes that Simpson made the same assertion about serving a copy of the Motion on the Warden's counsel, but that mailing was postmarked May 27, 2014. It does not take four months for mail to get from Toledo to Dayton. Simpson offers no proof of the time of deposit with prison authorities, not even his own affidavit. If in fact the document was handed to prison authorities on January 30, 2014, Simpson should be able to produce the mail room log to show that fact. While the Court usually accepts the mere representation of mailing, it should not do so when the actual filing with the Clerk was delayed almost four months.

**Procedural Default**

The Report concluded that even if the Motion had been timely made, it was without merit

because this Court already found all four grounds for relief were procedurally defaulted by Simpson's failure to timely appeal to the Ohio Supreme Court on direct appeal (Report, Doc. No. 19, PageID 723). Simpson's argument had been that there was no procedural default because he had exhausted available state court remedies; the Report distinguishes between the exhaustion and procedural default doctrines. *Id.* at 723-24. Alternatively, Simpson argued that the final state court decision did not rest on a procedural bar which the Report rejected on authority of *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004), and *Simpson v. Sparkman*, 94 F. 3d 199 (6th Cir. 1996). *Id.* at PageID 724.

Simpson objects that he had previously shown he had not committed a procedural default because he had sent his notice of appeal to the Ohio Supreme Court to the wrong court, to wit, the Ohio court of appeals. Simpson did not make this argument in the portion of his Reply devoted to procedural history or the portion on the exhaustion doctrine (Reply, Doc. No. 9, PageID 638-39, 650-51). In his Motion for Leave to File a Delayed Appeal to the Ohio Supreme Court, Simpson admits that he tried to file a notice of appeal, "in which I did so but not correctly. See attach [sic] documents." (Doc. No. 6-2, PageID 389.) However, there are no attached documents at that place and Simpson does not now point to any proof of that fact.

This Court found procedural default on the basis of the argument made and facts called to its attention in 2013 when this case was decided. If Simpson believed the Court erred, he should have sought relief on appeal, but did not do so. It is simply too late to raise this argument about faulty filing now, especially with no proof.

**Balance of Argument**

Simpson spends the balance of his Objections arguing the merits of his claims (Motion, Doc. No. 23, PageID 744-47). Because the Motion is untimely and the merit consideration is still prevented by the procedural default found in the prior judgment, the Court should not reach the merits.



Jul 28 2014 5:09 PM

X Michael R. Merz

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).